UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RENEE WILLIS, | ) | CASE NO.  1:24-cv-162 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MARTIN O'MALLEY, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Darrell A. Clay (Doc. No. 14 (R&R)) recommending that this Court affirm the decision by defendant Commissioner of Social Security ("the Commissioner") denying plaintiff Renee Willis's ("Willis") application for supplemental security income ("SSI"). Willis filed timely objections to the R&R (Doc. No. 15 (Objections)), and the Commissioner filed a response (Doc. No. 16 (Response)). For the reasons set forth below, plaintiff's objections are overruled, the R&R is accepted, and the Commissioner's decision is affirmed.

I. BACKGROUND

On February 18, 2021, Willis applied for SSI, alleging disability beginning January 20, 2021. (Doc. No. 9 (Administrative Transcript), at 175–177.)[1] The claim was denied initially, and

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

upon reconsideration. (*Id.* at 81, 120–121.) Willis then requested a hearing. (*Id.* at 135–137.) A telephonic hearing was held on February 22, 2023. (*Id.* at 44–80.)

On April 4, 2023, an Administrative Law Judge ("ALJ") denied Willis's application after determining that Willis's medically determinable impairments, considered individually or in combination, did not qualify as a disability under the Social Security regulations. 42 U.S.C. § 1382c(a)(3)(A-C); 20 C.F.R. § 416.920. The ALJ further determined that Willis retains residual functional capacity ("RFC") "to perform medium work as defined in 20 CFR § 416.967(c)" with specific limitations. (Doc. No. 9, at 31.) The Appeals Council declined to review the ALJ's decision, making the April 4, 2023 decision the final decision of the Commissioner. (*Id.* at 10–13.)

Willis timely filed this action seeking judicial review of the ALJ's decision. (Doc. No. 1 (Complaint).) The case was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). Willis filed a brief on the merits and the Commissioner filed a response. (Doc. Nos. 10 (Willis's Merits Brief), 12 (Commissioner's Merits Brief).) The magistrate judge issued an R&R recommending that the Commissioner's decision be affirmed because the ALJ's decision applied the appropriate legal standards and was supported by substantial evidence. (Doc. No. 14.)

## II. STANDARD OF REVIEW

The district court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* review as to those portions of the R&R to which objection is made. *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Objections to a report and recommendation must be specific enough to focus the court's attention on contentious issues. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see* Local Rule 72.3(b) (providing that the objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

Further, the district court's review of the Commissioner's decision is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court may not resolve conflicts in evidence or decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

The Commissioner's decision "will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on

the merits or deprives the claimant of a substantial right[,]" however, even if substantial evidence supports the decision. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (further citations omitted)). Likewise, a district court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996), and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the decision to reject the opinion).

### III. DISCUSSION

Willis submits two objections to the R&R. First, Willis argues that the magistrate judge erred in finding that the ALJ properly evaluated the medical opinion of Dr. Dorothy Bradford ("Dr. Bradford"). (Doc. No. 15, at 1–2.) Second, Willis argues that the ALJ impermissibly relied on her own lay interpretation of the medical evidence when determining Willis's RFC, and thus the magistrate judge erred in affirming the ALJ's determination. (*Id.* at 2–3.) But as the Court will explain, because Willis has neither shown that the magistrate judge failed to apply the proper legal standards nor erred in finding the ALJ's decision was supported by substantial evidence, Willis's objections are overruled.

#### A. Supportability of Dr. Bradford's Opinion

Willis's first objection relates to the ALJ's evaluation of the supportability of Dr. Bradford's medical opinion. (*Id.* at 1–2.) After a one-time examination, Dr. Bradford opined that

Willis has degenerative joint disease of the left hip and recommended Willis be restricted to sedentary activity. (Doc. No. 9, at 289.) The ALJ evaluated Dr. Bradford's medical opinion as follows:

> Dr. Bradford opined the claimant should be restricted to sedentary activity. The undersigned finds this unpersuasive because Dr. Bradford based it on a single evaluation, and it is internally inconsistent. Although the claimant used a cane, she showed normal gait and station, full range of motion and 5/5 strength throughout, and normal and symmetric reflexes, no sensory deficits, no joint deformity, and negative straight leg raise testing. This is also inconsistent with other unremarkable examinations that showed normal system functioning, including normal strength and gait, and no indication a cane or other assistive device was prescribed or medically necessary.

(*Id.* at 36 (internal record cites omitted).) The magistrate judge then affirmed the ALJ's finding, concluding that substantial evidence supported the ALJ's conclusion that Dr. Bradford's opinion is unpersuasive. (Doc. No. 14, at 15.)

The applicable Social Security regulations provide that the ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a). Rather, the ALJ is to consider "how persuasive" the medical opinion is. § 416.920c(b). In determining the persuasiveness of a medical opinion, the ALJ is instructed to consider five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, including length, purpose, and extent of treatment relationship, and frequency of examinations; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. § 416.920c(c)(1)–(5). Because the regulations consider supportability and consistency the "most important factors[,]" ALJs are obligated to "explain how [they] considered the supportability and consistency . . . for a medical source's medical opinions[,]" while they "may, but are not required to, explain how [they] considered" the other three factors. § 416.920c(b)(2). Supportability refers

5

to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." § 416.920c(c)(1); *see also Reusel v. Comm'r of Soc. Sec.*, No. 5:20-cv-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (supportability "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence").

Willis argues the magistrate judge erred in finding that the ALJ properly evaluated Dr. Bradford's opinion because the ALJ failed to fully consider the supportability of Dr. Bradford's opinion before determining it was unpersuasive. (Doc. No. 15, at 1–2.) "The ALJ's cursory rejection of Dr. Bradford's opinion[,]" Willis argues, "should result in remand." (*Id.* at 2.) The Court disagrees.

The ALJ's evaluation satisfies the supportability requirement by explaining that Dr. Bradford's opinion is unpersuasive precisely because it lacks supportability from relevant, objective medical evidence. *See Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 471 (6th Cir. 2006) (finding the ALJ's analysis adequately addressed supportability by indirectly attacking a medical opinion's lack of support from clinical or diagnostic findings); *see also Ebony M. S. v. Comm'r of Soc. Sec.*, No. 2:23-cv-1043, 2024 WL 20738, at *2 (S.D. Ohio Jan. 2, 2024) ("the ALJ properly discussed supportability by explaining that Dr. Hom's opinion was not based on objective medical evidence or relevant supporting explanations"). The ALJ explained Dr. Bradford's own findings on examination do not support a recommendation of sedentary limitations. (Doc. No. 9, at 36.) For example, the ALJ noted that Dr. Bradford found that Willis had normal motor strength in all muscle groups and normal grip strength. (*Id.* at 289.) Likewise, Dr. Bradford found that

Willis had normal range of motion in all joints and no neurological deficits. (*Ibid.*) Though Willis uses a cane, Dr. Bradford declined to comment on the cane's medical necessity for Willis, instead assessing Willis's ambulation to be normal. (*Id.* at 287 (Dr. Bradford's notes describing Willis's motion as "Nml").) Dr. Bradford further reported no apparent "limp, shuffle, or other disturbance" in Willis's movement before recommending she be restricted to sedentary activity.[2] (*Id.* at 289.)

Further, consistent with the determination of the magistrate judge, the Court finds the ALJ's conclusion about Dr. Bradford's opinion is supported by substantial evidence. The record indicates Willis's medical providers consistently documented normal physical findings, and Willis was not treated for severe pain. (Doc. No. 9, at 608, 616–17, 622–23 (detailing Willis's consistently unremarkable physical findings and a conservative care regimen for Willis's impairments).) These medical findings support the ALJ's conclusion. *See also Christopher B. v. O'Malley*, No. 1:23-cv-028, 2024 WL 112499, at *3 (W.D. Ky. Jan. 10, 2024) (the ALJ's finding that medical opinions recommending sedentary restrictions were unpersuasive was supported by substantial evidence because the record indicated plaintiff "ha[d] been treated very conservatively for his symptoms, and the diagnostic testing of record only showed mild to moderate abnormalities"). The first objection is thus overruled.

---

[2] Willis argues that there is other objective medical evidence that the magistrate judge improperly failed to mention in her discussion of Dr. Bradford's opinion, including an "x-ray of the left hip from January 2020 that showed arthritis." (Doc. No. 15, at 1 (citing Doc. No. 9, at 25).) Though "an ALJ 'may not distort the evidence by cherry-picking only a few selective portions of it while ignoring its true overall nature'" *Bruce v. Comm'r of Soc. Sec.*, No. 3:16-cv-1329, 2017 WL 3238049, at *4 (N.D. Ohio July 29, 2017) (quoting *Damron v. Comm'r of Soc. Sec.*, No. 3:16-cv-322, 2017 WL 395782, at *7 (N.D. Ohio Jan. 30, 2017) (internal quotations omitted)), the Court notes that the magistrate judge did mention this x-ray, which showed "minimal arthritis," elsewhere in the R&R. (Doc. No. 14, at 16.) Further, the ALJ's conclusion is not a product of "cherry-picking" or ignoring the "true overall nature" of the evidence. *Bruce*, 2017 WL 3238049, at *4. As explained, the record shows Willis's medical providers repeatedly documented normal physical findings and Willis was treated only conservatively and sporadically for her symptoms. (Doc. No. 9, at 608, 616–17, 622–23.) Finally, is not in the Court's prerogative to "re-weigh the evidence" in the record. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that the district court "reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ").

### B. Willis's RFC

In her second objection, Willis argues that the magistrate judge erred in finding that the ALJ's RFC determination was proper because it was not sufficiently based on an expert medical opinion. (Doc. No. 15, at 2–3.) Willis points to *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008), where the district court remanded for further proceedings after finding the record lacked an expert medical opinion about Deskin's work-related limitations, to argue that remand is also warranted here. (Doc. No. 15, at 2–3.) "[T]here is a lack of logical bridge between the evidence of record and the ALJ's RFC determination[,]" Willis asserts, "because of a lack of an expert medical opinion." (*Ibid.*) The Court disagrees.

A claimant's RFC is an assessment of the most he or she can do despite his or her physical limitations. 20 C.F.R. § 416.945(a)(1). The ALJ is charged with the responsibility to assess a claimant's RFC. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). In making the assessment, the ALJ must consider all relevant evidence in the case record, including medical records, medical opinions, and the claimant's description of her limitations. 20 C.F.R. § 416.945(a)(3). The ALJ "is only required to incorporate those limitations which he has deemed credible" and may reject opined limitations or impose more restrictions. *Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 585 (6th Cir. 2010) (citation omitted).

To begin, Willis raises an improper objection by asserting the same argument set forth in her merits brief (Doc. No. 10, at 11–12 ("[W]ithout the benefit of any medical opinion, the ALJ is impermissibly relying upon her own lay opinion to construct [p]laintiff's RFC" under *Deskin*)), which the R&R directly addressed and rejected. (Doc. No. 14, at 16–21 ("Next, I address Ms. Willis's argument that the ALJ assessed her RFC without the benefit of a medical opinion, thus impermissibly relying on her own lay interpretation of the medical evidence").). Objections that

8

do "nothing more than restate an argument previously presented [and] a disagreement with [the] magistrate judge's suggested resolution" amount to a failure to object. *Austin v. Comm'r of Soc. Sec.*, No. 1:19-cv-2380, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021).

Even if the objection were proper, Willis's argument that *Deskin* necessitates a remand is unpersuasive. "*Deskin* is not binding authority and several courts in this District have criticized or declined to follow the *Deskin* standard." *Carr v. Comm'r of Soc. Sec.*, No. 5:23-cv-187, 2024 WL 1556398, at *3 (N.D. Ohio Apr. 12, 2024) (collecting cases), *report and recommendation adopted*, 2024 WL 1343473 (N.D. Ohio Mar. 30, 2024). Moreover, "a review of Sixth Circuit caselaw supports a finding that *Deskin* is not consistent with governing precedent." *Id.* at *11. As Magistrate Judge Clay correctly observed, the Sixth Circuit has clearly established that "an ALJ is not required to base her RFC determination on a particular medical opinion." (Doc. No. 14, at 17 (citing, among authority, *Mokbel-Aljani v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) (rejecting the argument that an RFC cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ); *Shepard v. Comm'r of Soc. Sec.,* 705 F. App'x 435, 442–43 (6th Cir. 2017) (rejecting the argument that "the ALJ's RFC lacks substantial evidence because no physician opined that [the claimant] was capable of light work").).

Second, Willis's case is distinguishable from *Deskin*. There, the claimant had multiple documented spinal impairments and extensive treating relationships with multiple doctors. *Deskin*, 605 F. Supp. 2d at 910. Despite these extensive treating relationships, the record did not contain a medical opinion addressing what type of work Deskin could perform based on the physicians' extensive physical findings. *Ibid.* The ALJ in *Deskin* did not order a consultative examination or have a medical expert testify at Deskin's hearing. *Id.* at 911. Instead, he decided the case based on his own analysis of the medical records. *Ibid.* The district court ordered a remand on this basis: "in

9

making the [RFC] finding, the ALJ may not interpret raw medical data in functional terms." *Id.* at 912. The court noted that though a finding of no disability may ultimately be appropriate in Deskin's case, substantial evidence for that finding did not exist because of the extensive findings of diffuse and substantial degenerative disc disease throughout Deskin's spine in the record. *Id.* at 913.

Unlike in *Deskin,* the ALJ here based her RFC determination on generally unremarkable findings from Willis's physical examinations (*see* Doc. No. 9, at 304, 328, 335, 342, 349, 360, 402, 417–418, 424, 438 (ten physical examinations with Dr. Charles Ondobo revealing normal or mostly normal findings)) and a limited course of treatment for her impairments. The x-rays of Willis's left hip from January 2020 revealed only minimal arthritis (Doc. No. 9, at 292), and the record included no evidence of updated testing or ongoing treatment for left hip pain or other pain. Thus, even applying the standard announced in *Deskin*, Willis's case is one that "shows relatively little physical impairment[,]" such that "an ALJ can render a commonsense judgment about functional capacity" without seeking additional medical opinion evidence, as the court in *Deskin* put it.[3] *See Deskin*, 605 F. Supp. 2d at 913 (quotations omitted).

Upon de novo review of the record, the Court finds that the ALJ properly applied the relevant regulations in determining Willis's RFC. Accordingly, and because the ALJ's resulting conclusions are supported by substantial evidence in the record, the Court affirms the Commissioner's decision. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a

---

[3] As in her first objection, Willis argues that there is other objective medical evidence that the magistrate judge improperly disregarded before determining that the record shows "relatively little physical impairment" such that the ALJ's commonsense judgment about Willis's RFC is appropriate. (Doc. No. 15, at 2); *Deskin*, 605 F. Supp. 2d at 913. But as the Court has explained (*see supra* note 2), the ALJ properly considered the evidence in the record. Plaintiff's argument amounts to a request for the Court to engage in a re-weighing of the evidence, which the Social Security regulations do not permit. *Reynolds*, 424 F. App'x at 414.

preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." (citations omitted)). Willis's second objection is overruled.

## IV. CONCLUSION

For the reasons set forth herein, Willis's objections to the R&R (Doc. No. 15) are overruled, the R&R (Doc. No. 14) is accepted, and the Commissioner's decision to deny SSI is affirmed. This case is dismissed.

**IT IS SO ORDERED**.

Dated: December 10, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**